```
                                        IN RE
                                        KENNETH RAY HARDIN
                                        1936 RUSS ROAD

 1701177 -Court-A-U.S.                  LUMBERTON, NC 28358
 CHAD W. HAMMONDS                                     SSN or Tax I.D.   XXX-XX-4237
 PO BOX 7
 MAXTON, NC 28364-0000




 U.S. Bankruptcy Court
 P.O. Box 791
 Raleigh, NC 27602                      Chapter 13
                                        Case Number:   17-01177-5-JNC
```

NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Joseph A. Bledsoe, III, Chapter 13 Trustee  has  filed  papers  with  the  Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 11/20/2017, you or your attorney must file with the court, pursuant to Local Rule  9013-1  and  9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
                         U.S. Bankruptcy Court
                         PO Box 791
                         Raleigh, NC  27602
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

| Debtor(s): | Attorney: | Trustee: |
|---|---|---|
| KENNETH RAY HARDIN | CHAD W. HAMMONDS | Joseph A. Bledsoe, III |
| 1936 RUSS ROAD | PO BOX 7 | P.O. Box 1618 |
| LUMBERTON, NC 28358 | MAXTON, NC 28364-0000 | New Bern, NC 28563 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted  on  the motion at a date, time  and  place to  be later  set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may  decide  that  you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  October 20, 2017                 Joseph A. Bledsoe, III
                                        Chapter 13 Trustee
                                        P.O. Box 1618
                                        New Bern, NC 28563

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

IN RE:                                                                                           CASE NUMBER: 17-01177-5-JNC

**KENNETH RAY HARDIN**

                                                                                                              CHAPTER 13
            DEBTOR(S)

**MINUTES OF 341 MEETING AND**
**MOTION FOR CONFIRMATION OF PLAN**

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on May 1, 2017, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

    | | | | |
    |---|---|---|---|
    | $207.00 | for | 6 | Months |
    | $613.00 | for | 51 | Months |
    | | for | | Months |
    | | for | | Months |

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before July 31, 2017 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before September 6, 2017 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #002 Bank of America | '11 Chevrolet Silverado | Outside |
| #003 Bank of America | '11 Chevrolet Silverado arrears | $1,966.40 to be paid over life of plan by Trustee |
| #004 Cape Fear Farm Credit | Combine, Tractor, Motorcycle | Outside |
| #006 CNH Industrial Capital America | Sprayer | Outside |
| #007 CNH Industrial Capital America | Sprayer arrears | $23,879.14 to be paid over life of plan by Trustee |
| #008 CNH Industrial Capital America | Sprayer | Outside |
| #010 CNH Industrial Capital America | Combine | Outside |
| #800 Ditech | Residence | Outside |
| #801 Ditech | Residence pre-petition arrears | $560.93 to be paid over life of plan by Trustee |

b. Continuing Long Term Debts to be paid by the Trustee:

**IF A PROOF OF CLAIM IS TIMELY FILED** the claim is to be paid on a monthly basis according to the terms of the contract effective the first month after confirmation. Arrearages, if any, are to be paid over the life of the plan. Two post-petition contractual payments shall be included in the administrative arrearage claim. **The Debtor is to resume direct payments upon completion of plan payments.**
**(SEE PARAGRAPH 8 BELOW)**

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| NONE | | | |

Pursuant to Local Rule 3070-1(b) some secured creditors may be entitled to pre-confirmation adequate protection payments.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with Local Rule 3070-2.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b).

   NONE

Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased/Contracted For | Treatment |
| --- | --- | --- |
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $0.00. The Trustee recommends to the Court a fee of $0.00. If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

s/ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Standing Chapter 13 Trustee

## EXHIBIT 'A'                                         CASE NUMBER: 17-01177-5-JNC
**DEBTORS:    KENNETH RAY HARDIN**

**EMPLOYMENT:**

| | | | |
|---|---|---|---|
| Debtor: | SELF EMPLOYED/BUSINESS INCOME | GROSS INCOME: | $44,000.00 |
| Spouse: | CLERK OF THE COURT ROBESON COUNTY | | $31,620.00 |

**Prior Bankruptcy cases:**    Yes ☐    No ☐    If so, Chapter ____ filed ____
Disposition:

**Real Property:** House and Lot ☐  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☒

| | | | |
|---|---|---|---|
| Description: | RESIDENCE | | |
| FMV | $60,000.00 | Date Purchased | |
| Liens | $48,955.00 | Purchase Price | |
| Exemptions | $11,045.00 | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | $540.00 | Tax Value | |

**Real Property:** House and Lot ☒  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐

| | | | |
|---|---|---|---|
| Description: | MCDUFFIE CROSSING ROAD – FARM SHELTER  5.2 ACRES – 1/3 INTEREST | | |
| FMV | $40,000.00 | Date Purchased | |
| Liens | $0.00 | Purchase Price | |
| Exemptions | $0.00 | Improvements | |
| Equity | $40,000.00 | Insured For | |
| Rent | | Tax Value | |

**COMMENTS:**

| **Attorney Fees:** | Requested: | $0.00 | (excluding filing fee) |
|---|---|---|---|
| | Paid: | $0.00 | (excluding filing fee) |
| | Balance: | $ 0.00 | |

**Trustee's Recommendation:**        $0.00
Comments:

**Plan Information:**

| Plan Information: | | After 341 | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $158,041.98 | Pay in | $32,505.00 | Priority | 100.00% |
| Priority | $107.68 | Less 6.00% | $1,950.30 | Secured | 100.00% |
| Secured | $26,406.47 | Subtotal | $30,554.70 | Unsecured | 3.00% |
| Unsecured | $131,527.83 | Req. Atty. Fee | Incl. w/ claims | Joint | % |
| Joint Debts | | Available | $30,554.70 | Co-Debts | % |
| Co-Debtor | | | | | |

**Payroll Deduction:** Yes ☐    No ☒
Objection to Confirmation:   Yes ☒    No ☐

   Pending: SEE COURT DOCKET
   Resolved: SEE COURT DOCKET

<u>Motions Filed:</u>  Yes ☒ No ☐

   If so, indicate type and status: SEE COURT DOCKET

Hearing Date:

| CASE: 1701177 | TRUSTEE: 2V | COURT: 278 | Page 1 of 2 |
|---|---|---|---|
| TASK: 10-19-2017.01059841.LSA000 | | DATED: 10/20/2017 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Joseph A. Bledsoe, III | P.O. Box 1618<br>New Bern, NC 28563 |
| Debtor | | KENNETH RAY HARDIN | 1936 RUSS ROAD<br>LUMBERTON, NC 28358 |
| 799 | 000002 | CHAD W. HAMMONDS | PO BOX 7<br>MAXTON, NC 28364-0000 |
| 006 | 000008 | CNH INDUSTRIAL CAPITAL AMERICA | PO BOX 3600<br>LANCASTER, PA 17604 |
| 007 | 000009 | CNH INDUSTRIAL CAPITAL AMERICA | PO BOX 3600<br>LANCASTER, PA 17604 |
| 008 | 000010 | CNH INDUSTRIAL CAPITAL AMERICA | PO BOX 3600<br>LANCASTER, PA 17604 |
| 010 | 000012 | CNH INDUSTRIAL CAPITAL AMERICA | PO BOX 3600<br>LANCASTER, PA 17604 |
| 011 | 000013 | CNH INDUSTRIAL CAPITAL AMERICA | PO BOX 3600<br>LANCASTER, PA 17604 |
| 014 | 000016 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 001 | 000003 | BANK OF AMERICA | PO BOX 15019<br>WILMINGTON, DE 19886-5019 |
| 012 | 000019 | CROP PRODUCTION SERVICES<br>PO DRAWER 1960 | C/O LUTHER STARLING, JR<br>SMITHFIELD, NC 27577 |
| 016 | 000021 | LUTHER D. STARLING, JR.<br>450 EAST MARKET ST. | PO DRAWER 1960<br>SMITHFIELD, NC 27577-0000 |
| 019 | 000017 | NC DEPT OF REVENUE<br>P O BOX 1168 | ATTN: BANKRUPTCY UNIT<br>RALEIGH, NC 27602-1168 |
| 017 | 000022 | MONSANTO COMPANY<br>PO BOS 17249 | C/O SIGMON LAW FIRM<br>RALEIGH, NC 27619 |
| 004 | 000006 | CAPE FEAR FARM CREDIT | PO BOX 2405<br>FAYETTEVILLE, NC 28302 |
| 005 | 000007 | CAPE FEAR FARM CREDIT | PO BOX 2405<br>FAYETTEVILLE, NC 28302 |
| 002 | 000004 | BANK OF AMERICA, N.A. | PO BOX 31785<br>TAMPA, FL 33631 |
| 003 | 000005 | BANK OF AMERICA, N.A. | PO BOX 31785<br>TAMPA, FL 33631 |
| 015 | 000020 | JOHN DEERE FINANCIAL | PO BOX 6600<br>JOHNSTON, IA 50131 |
| 009 | 000011 | CNHINDUSTR | 233 LAKE AV<br>RACINE, WI 53403 |
| 800 | 000014 | DITECH FINANCIAL LLC<br>PO BOX 6154 | fka GREEN TREE SERVICING LLC<br>RAPID CITY, SD 57709-6154 |
| 802 | 000015 | DITECH FINANCIAL LLC<br>PO BOX 6154 | fka GREEN TREE SERVICING LLC<br>RAPID CITY, SD 57709-6154 |
| 018 | 000023 | MONSATO SEED COMPANY | 800 N. LINDBERGH BLVD<br>ST. LOUIS, MO 63167 |
| 020 | 000024 | VERIZON BY AMERICAN INFOSOURCE LP | 4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK 73118 |

```
CASE: 1701177        TRUSTEE: 2V           COURT: 278                              Page 2 of 2
TASK: 10-19-2017.01059841.LSA000           DATED:  10/20/2017
013       000018    CROP PRODUCTION SERVICES, INC      3005 ROCKY MOUNTAIN AVE
                                                       LOVELAND, CO 80538
                                                                                   26 NOTICES
```

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON  10/20/2017.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON    10/20/2017    BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail